**Leonard DOAN, Appellant,**

v.

**George GRIFFITH, Appellee.**

Court of Appeals of Kentucky.

May 13, 1966.

James S. Greene, Jr., Greene & Forester, Harlan, Lohren F. Martin, Jr., Sutton & Martin, Corbin, for appellant.

Fritz Krueger, Somerset, for appellee.

WADDILL, Commissioner.

Appellant, Leonard Doan, instituted this action for malpractice against appellee, Dr. George Griffith, claiming damages for pain, mental anguish and permanent physical incapacity. At the close of Doan's evidence Dr. Griffith moved for a directed verdict in his favor. The motion was sustained and Doan appeals contending this was error.

The sole question is whether there was sufficient evidence as a matter of law to take the case to the jury. Dr. Griffith was entitled to a directed verdict only if the evidence and the reasonable inferences which could be drawn therefrom in favor of Doan were insufficient to support a verdict in his favor. Johnson v. Vaughn, Ky., 370 S.W.2d 591.

Doan was admitted unconscious to the Baptist Hospital in Mount Vernon with serious injuries, which included multiple fractures of his facial bones, from an accident. Dr. Griffith administered emergency treatment and thereafter visited him in the hospital daily. On the seventh day after the accident he discharged Doan from the hospital.

There is expert medical testimony showing that the customary medical treatment of Doan's injuries would have been to surgically realign his fractured bones as soon as the swelling subsided, usually within 10 days, and that such treatment would have restored the normal contour of his face and the proper functioning of his senses. At the time Doan was discharged from the hospital his face was still swollen so he could not have had the realignment of his fractured bones prior to that time.

Doan testified that Dr. Griffith did not timely inform him that the bones in his face needed to be set by a specialist. Hence, he contends there was sufficient evidence that Dr. Griffith was negligent in not advising him of this needed treatment before the broken bones became fused causing his face to be disfigured and his vision impaired.

In Johnson v. Vaughn, supra, a rule pertinent to this character of case is stated thusly:

"* * * a physician is under the duty to give his patient all necessary and continued attention as long as the case requires it, and that he should not leave his patient at a critical stage without giving reasonable notice or making suitable arrangements for the attendance of another physician, unless the relationship is terminated * * *."

See also, 41 Am.Jur., Physicians and Surgeons, Section 99, p. 215; Anno. 57 A.L.R. 2d 432.

Under the evidence adduced the jury could reasonably have found that Dr. Griffith failed to timely advise Doan of his need of further medical treatment and that such failure was the proximate cause of his condition. Therefore, we conclude that the trial court erred in directing a verdict in favor of Dr. Griffith following the introduction of the evidence on behalf of Doan.

The judgment is reversed for further proceedings consistent with this opinion.